No. 17,592.

SAM LOVE *v.* PEOPLE OF THE STATE OF COLORADO.

(292 P. [2d] 970)

Decided October 10, 1955.

Mr. ANTHONY F. ZARLENGO, Mr. FRED M. WINNER, Mr. WORTH SHRIMPTON, for the plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy Attorney General, Mr. NORMAN H. COMSTOCK, Assistant Attorney General, for the People.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

SAM LOVE, defendant, was accused in the trial court of the crime of assault with a deadly weapon with intent to commit great bodily harm. Trial to a jury resulted in a verdict of guilty, and judgment was entered thereon. Defendant, seeking reversal of the judgment, brings the cause to this Court by writ of error.

At the close of the people's evidence defendant's counsel moved for a directed verdict upon the charge of aggravated assault as alleged in the information. The ground of the motion was that the evidence was insufficient to establish the specific intent essential to the charge. The motion was overruled.

We have carefully examined the record in this case and have reached the conclusion that the evidence is insufficient to sustain a judgment of guilt of an offense of a higher grade than that of simple assault.

The information upon which defendant was tried was filed December 13, 1954. The record discloses that on that day defendant requested a continuance for trial. The application for continuance was granted, but in that connection the record discloses the following:

"As a condition to said continuance it is further ordered that there be now taxed as costs against defendant, and the county have judgment against the defendant

for the counsel fee to be fixed by the Court and paid his counsel, for one day's attendance and mileage of the jury panel and for the expenses of his witnesses including subpoenas and service thereof and fees and mileage, and also the fees and expenses of the People's witnesses to this date, such taxation of costs and judgment in favor of the county to be independent of and not conditioned upon the outcome of the action."

The trial court erred in assessing these costs against defendant as a condition to granting said continuance, and the judgment entered in connection therewith is vacated and set aside.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.