90 So.2d 105 (1956)
John Paul FLOYD, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. En Banc.
October 24, 1956.
Rehearing Denied December 3, 1956.
*106 Carr & O'Quin and Paul L.E. Helliwell, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
O'CONNELL, Justice.
This is an appeal from a judgment of conviction of the appellant, defendant below, John Paul Floyd, rendered by the Criminal Court of Record, Dade County, in a trial without jury. Defendant was charged with a crime under the provisions of Section 800.01, F.S.A.
Defendant contends that the trial judge abused his discretion in that defendant's motion to withdraw a waiver of jury trial was refused, that he was denied a fair and impartial trial and that the evidence was insufficient to sustain the conviction.
The record reflects that defendant, under advice of counsel, waived his constitutional right to trial by jury, that the counsel who first served defendant withdrew, and other counsel was obtained by defendant. The latter counsel moved the court to withdraw the waiver of jury trial. The trial court denied the motion for withdrawal of waiver, but continued the case one week, in order to allow the latter counsel to prepare for trial. Thereafter the cause proceeded to trial without a jury and under circumstances set out hereinbelow the defendant was found to be guilty of the crime with which he was charged and judgment was entered against him.
The right of an accused to trial by jury is one of the most fundamental rights guaranteed by our system of government. The Declaration of Rights, Constitution of the State of Florida, Section 3, F.S.A., reads "The right of trial by jury shall be secured to all, and remain inviolate for-ever". Section 11, provides that an accused shall have a trial "* * * by an impartial jury * * *."
It is true that the right to jury trial may be waived in all cases, except where the penalty provided for the crime is death. 912.01 F.S. And the general rule is that once validly made a waiver of jury trial may be withdrawn only in the discretion of the trial court. 50 C.J.S., Juries, § 111, p. 825. But the discretion to be exercised by the court in granting or denying such withdrawal is not an unbridled one. It should, in all cases, be exercised liberally in favor of granting to an accused the right to trial by jury.
It would appear to us that the fundamental and cherished right of trial by jury will best be protected and be caused to "remain inviolate" if the withdrawal of the waiver to such a trial is refused by a court only when it is not seasonably made in good faith, or is made to obtain a delay, or it appears that some real harm will be done to the public, i.e., the State, such as unreasonable delay or interruption of the administration of justice, real inconvenience to the court and the State, or that additional expense to the State will be occasioned thereby. Nor should the fact that a trial by jury is more costly to the State than a trial without jury be considered as ground for refusing the withdrawal of the waiver, for the guarantee of trial by jury under our Declaration of Rights includes the obligation on the State to bear such expense. State v. Rankin, 102 Conn. 46, 127 A. 916; Wilson v. State, 60 Ga. App. 641, 4 S.E.2d 688; People v. Melton, 125 Cal. App.2d Supp. 901, 271 P.2d 962, 46 A.L.R. 2d 914; Newton v. State, 211 Miss. 644, 52 So.2d 488.
In the case before us the defendant, while represented by counsel who later *107 withdrew, was arraigned on November 16, 1954 at which time he waived trial by jury. On November 26, 1954 his first counsel filed his notice of withdrawal as counsel for defendant. The case was set for trial on December 14, 1954 on which date defendant and his second counsel appeared, the latter counsel announced that he was representing the defendant and moved to be allowed to withdraw the waiver. The trial court denied the motion, but continued the trial for one week to allow defendant's new counsel to prepare for trial.
In denying the motion to withdraw the waiver, the court stated that since the defendant was, at the time of arraignment, represented by counsel the waiver of trial by jury would not be set aside. There was nothing to show that the State or the court would be inconvenienced in any way, or that any valid ground, within the rule we have adopted above, existed for denying the motion. It was not shown that justice would have been delayed or impeded. As a matter of fact while the trial started on December 21, 1954 it was never completed in an orderly procedure but was brought to a close by the summary action of the trial court on March 9, 1955.
We think the denial of the motion to withdraw the waiver was an abuse of discretion under the facts and circumstances of this case.
The defendant also urges that he was denied a fair trial in that the judge adjudicated him guilty before he rested his case.
We have searched the record before us and nowhere does it appear that defendant had rested his case, or that he either personally or through his attorney was allowed to argue his case, or that such argument was waived.
The record reflects the Clerk's minutes. These minutes show that the case commenced on December 21, 1954, that various persons, including the defendant, testified and that the trial was continued. The defendant did not rest his case. The next entry by the Clerk, dated March 9, 1955, is the judgment of conviction of the defendant.
The transcript of testimony of the proceedings for March 9, 1955, does not reflect that the court was convened to complete the trial of the cause. The defendant, in his brief, states that the adjudication of guilt was made by the trial court during the trial of another person in which trial this defendant was a witness. This statement is not controverted by the State in its brief.
It is true that the trial of the defendant was without jury. That the trial judge has a wide discretion in controlling the procedure of a trial is unquestioned. Nevertheless, the conduct of the trial must be according to established and accepted procedure so as to give the accused a full and fair trial and to insure due process of law.
In the case of E.E. Alley Co. v. Ball, 102 Fla. 1034, 136 So. 704, we held that the same trial procedure should be followed in the trial of a common law case without a jury as would be applicable if a jury was present. If a litigant in the trial of a civil action is entitled to have the same full procedure in a trial without jury, as if the trial was before a jury, this principle would apply with greater force in a criminal proceeding such as here.
In the orderly procedure of a trial the defendant should be given the opportunity to offer evidence until he announces that he has no further evidence or that he rests his case. After resting his case he should be given the opportunity of arguing his case either personally or through his counsel. He should not be adjudged guilty until he has rested and has been given the opportunity of arguing his case.
Declaration of Rights, Constitution of the State of Florida, in Section 12, guarantees that "no person shall * * * be deprived of life, liberty, or property, without *108 due process of law * * *." The Fifth and Fourteenth Amendments to our Federal Constitution give the same guarantee. Section 11 of the Declaration of Rights in our State Constitution provides also that "* * * the accused * * * shall be heard by himself, or counsel, or both * * *." The Sixth Amendment to our Federal Constitution guarantees that an accused shall have "* * * the Assistance of Counsel for his defence."
In the case of Thomas v. District of Columbia, 1937, 67 App.D.C. 179, 90 F.2d 424, 428, the court there construed the prohibition of deprivation of liberty without due process of law, as found in the Fifth Amendment to the Federal Constitution, in its application to judicial hearings to mean, in the often quoted words of Webster, "`a law which hears before it condemns.'" In that case the defendants were pronounced guilty before they had completed their defense. This was held to violate the Fifth Amendment. Counsel was not permitted to argue the case and the appellate court held that this was in violation of the Sixth Amendment to the Federal Constitution, since it denied the accused the effective assistance of counsel.
While the learned trial judge might well have heard a sufficient amount of evidence to convince him of the guilt of the defendant, and we do not pass on the sufficiency of the evidence to support the adjudication of guilt, nevertheless the defendant had a right to offer such additional evidence as he wished until he announced he had completed his case. He also had the right to argue his case to the court either personally or through his attorney.
The defendant did not have a full and complete fair trial, nor did he have due process such as is contemplated under the Constitutions of the United States and of the State of Florida. He was denied the full benefit of counsel, in that his counsel was not allowed to argue his case.
For the reasons set forth above the judgment of conviction is reversed and this cause remanded for a new trial.
DREW, C.J., TERRELL, HOBSON and THORNAL, JJ., and ANDERSON, Associate Justice, concur.
THOMAS, J., dissents.