HENSLEY, ROBERT E., Associate Judge.
Appellant, defendant below, appeals from a judgment of guilt on a charge of attempted grand larceny pursuant to trial without a jury.
*337 The only assignment of error argued was that the trial court erred in denying appellant’s motion to set aside a waiver of a jury trial.
The record shows that trial was delayed several times by either defendant, a co-defendant or by their counsel, for various reasons. When one of the delays took: place on March 3, 1966, the court continued the trial to April 12, 1966, and informed their attorney that no more delays would be allowed. On April 12, 1966, the court was informed by a fellow attorney that appellant’s attorney was out of town on another case, had been unavoidably delayed, could not appear, that appellant had no other counsel, and requested a continuance for not less than a day or two until appellant’s attorney could be present and would be ready for trial. This motion was denied by the court unless the appellant would waive a jury trial. Appellant then waived a trial by jury and the cause was set for trial before the court, for April 25, 1966. On April 22, 1966, the attorney for appellant filed a motion to set aside the waiver and for a jury trial. This was argued on the day of trial, and denied.
We understand the irritation of the trial court over its inability to get the case to trial. The case, in addition to other delays, came on for trial, with a jury present, on two occasions prior to the final time. It had to be continued one time because the defendant was ill. On the other occasion it had to be continued at the fault of his attorney (who was not appellant’s counsel on appeal). The final time was, again solely the fault of appellant’s prior attorney. There is nothing to indicate, however, that the illness of the Defendant was feigned, nor does it appear that any of the continuances were occasioned by any design of the Defendant to delay the trial. We hold that the court was in error in refusing to set aside the waiver and allowing a trial by jury. The discretion the court has in granting or denying such motions should be exercised liberally in favor of granting to an accused the right of trial by jury. (Floyd v. State, Fla., 90 So.2d 105) We further hold that the waiver was not voluntarily given when the Defendant was faced with either going to trial without counsel, or, agreeing to waive trial by jury.
We reverse for a new trial, by jury.
SHANNON, Acting C. J., and PIERCE, J., concur.