HENDRY, Judge.
Appellant was the defendant in three criminal cases which were consolidated for trial in the Criminal Court of Record for Dade County. The information in case number 67-5153 charged defendant with unlawful possession of a blank driver’s license. In case number 67-6185, the charges were: (1) breaking and entering a building with intent to commit a misdemeanor; (2) petit larceny; and (3) possession of burglary tools. In the third case, number 67-6186, the charges were: (1) breaking and entering a building with intent to commit a misdemeanor; and (2) petit larceny.
Pleas of not guilty were entered and trial by jury was waived. Upon trial, defendant was found guilty of unlawful possession of a blank driver’s license and sentenced to five years in the state penitentiary. In case number 67-6185, defendant was found guilty of possessor: of burglary tools and sentenced to one year in the state penitentiary, sentence to run concurrently with sentence imposed in case number 67-5153. The defendant was found guilty as charged in case number 67-6186. A sentence of five years was imposed, sentence to run concurrently with that imposed in case number 67-5153.
Defendant contends that the trial judge erred in denying his motion to withdraw the waiver of trial by jury.
The record shows that the trial court appointed the Public Defender to represent the defendant in case number 67-5153 on August 3, 1967. However, on August 23, the trial court discharged the Public Defender.
On October 12, 1967, the trial court appointed the Public Defender to represent the defendant in cases numbered 67-6185 and 67-6186. The Public Defender was representing the defendant on August 3, when he waived jury trial in case number 67-5153. The defendant was not represented by the Public Defender on September 19, 1967, when he waived his right to trial by jury in the other two cases. Defendant was asked by the court whether a private attorney was representing him at *41 that time. Defendant replied, “Mr. Brilliant, yes. He was in to see me last night. * * * he told me to enter a plea of not guilty * * * and he said to waive jury trial.”
On October 12, the Public Defender was appointed to represent the defendant on all three of the pending cases. On October 19, the date of trial, the Public Defender presented a motion to withdraw the waiver of trial by jury as to each of the three cases. The motion was denied and the case proceeded to trial on that date.
The thrust of defendant’s contention is that the failure of the trial judge to grant defendant’s motion to withdraw his waiver of trial by jury was an abuse of discretion.
The question before us was dealt with by The Florida Supreme Court in the case of Floyd v. State, Fla.1956, 90 So.2d 105, wherein it was stated:
“It is true that the right to jury trial may be waived in all cases, except where the penalty provided for the crime is death. 912.01 F.S. And the general rule is that once validly made a waiver of jury trial may be withdrawn only in the discretion of the trial court. 50 C.J.S. Juries § 111, p. 825. But the discretion to be exercised by the court in granting or denying such withdrawal is not an unbridled one. It should, in all cases, be exercised liberally in favor of granting to an accused the right to trial by jury.”
In the instant case, the trial judge, in denying defendant’s motion to withdraw his waiver of jury trial, stated:
“The record clearly reflects that the defendant had ample opportunity to make known any desire about a jury trial. I presume the state is ready for trial.

“The state being ready, I, as I have indicated, with all the state’s witnesses being here, I will not entertain a motion to withdraw the waiver at this late date. * ”
We have viewed the trial court’s denial of withdrawal of waiver in the light of the facts as shown by the record on appeal and the rule enunciated in Floyd and have concluded that appellant has been unable to show any abuse of discretion on the part of the trial court. Having found no error, the judgments and sentences appealed are affirmed.
Affirmed.