PER CURIAM.
The defendants appeal from their judgment of conviction rendered by the criminal court of record in Dade County in a non-jury trial of the crime of aggravated assault, contending the trial court committed reversible error by denying their request to withdraw their waivers of a jury, citing and relying on Floyd v. State, Fla. 1956, 90 So.2d 105.
In our view the circumstances of this case were such that the trial court did not abuse its discretion or commit error in the denial of the motion.
The dates involved are material. The appellants were charged on March 28, 1967, with having committed aggravated assault on February 23. Appointment of the public defender to represent them was made on March 30. Thornell was arraigned on April 4, on which date he pleaded not guilty and waived trial by jury. Pearson’s arraignment was delayed during the period of a psychiatric examination of him which the court ordered. He was arraigned on May 11, at which time he pleaded not guilty and waived trial by jury.
The cause came on for trial on Friday, May 19. On that day, just prior to trial, the public defender made the motion to withdraw the defendants’ waivers and moved for their trial by jury. The motion revealed that on Tuesday of that week the assistant public defender who had been acting for the defendants, but who would be unable to be present at their trial on Friday, delivered his files on the case to' another assistant public defender, Mr. Emory; that the defendants were interviewed by Mr. Emory the following day (Wednesday); that Mr. Emory was required to argue an appeal in the district court of appeal in Miami on Thursday; that when he spoke with the state attorney he learned that the alleged victim, who would be presented as a principal witness by the state, had arrived for the trial from his home in West Virginia. However, the motion to withdraw the waivers of jury was not made until the non-jury trial was about to commence.
In opposition to the motion the state in* formed the court it was ready to go to trial and called the court’s attention to the fact that the essential prosecution witness had been brought from West Virginia for the trial scheduled for that date. In denying the motion the court said: “I just want it understood that with the witness having been returned from West Virginia by the State, and there having been no prior request for a jury trial, I would not continue this case again.” [1] [Italics ours] From the latter statement, while it was not elaborated on, it is apparent that the court would not have been able to proceed with a jury trial on that day because of the need to summon a venire of jurymen. In Floyd v. State, supra, the court referred to the policy of liberality to be observed in favor of granting the accused a right to trial by jury, but recognized the propriety of denying a motion of withdrawal of waiver of a jury trial “when it is not seasonably made in good faith, or is made to obtain a delay, or it appears that some real harm will be done to the public, i. e., the State, such as un *618 reasonable delay or interruption in the administration of justice, real inconvenience to the court and the State, or that additional expense to the State will be occasioned thereby.”
The facts and circumstances against which this motion for withdrawal of waiver of jury trial was to be tested justified its denial as one in conformity to the above quoted expressions of the Supreme Court in Floyd v. State, supra.
Affirmed.

. The ease had been set for trial initially on May 2, 1967. It had been continued on motion of the state, presumably to await the outcome of the psychiatric examination which had been ordered for the defendant Pearson, who was not arraigned until May 11.