OWEN, Judge.
Alleging that the state had frustrated his efforts to obtain a direct appeal from a September 7, 1962 conviction of armed robbery, Henry Baker filed in this court his petition for writ of habeas corpus as a means of obtaining delayed appellate review of his conviction. Baggett v. Wainwright, Fla. 1969, 229 So.2d 239; Powe v. State, Fla.1968, 216 So.2d 446. We issued a rule to show cause, the response to which reflected a factual issue as to whether petitioner’s direct appeal had been state frustrated. The commissioner appointed by this court, Circuit Judge Hugh MacMillan, has filed with this court his report following a hearing on this issue wherein it is determined that the petitioner was frustrated in his desire to directly appeal the judgment and sentence entered by the Criminal Court of Record of Palm Beach County, Florida on September 7, 1962. We adopt the report of the commissioner and accord to petitioner a delayed appellate review of his conviction.
Following the filing of the commissioner’s report the public defender was appointed to represent the petitioner before this court. The sole question presented for our consideration is whether it was error for the trial court to permit Henry Baker to appear at arraignment without counsel and waive his right to a trial by jury.
Henry Baker was arraigned on July 23, 1962. Although the record does not show that he was at that time indigent, it is reasonable to assume that he was in view of the order entered August 10, 1962, so finding and appointing counsel on his *290 behalf. At the arraignment petitioner was not represented by counsel. He entered a plea of not guilty and waived trial by jury which waiver is affirmatively shown by the record. Cf. Ivory v. State, Fla.App. 1966, 184 So.2d 896. The arraignment was a critical stage in the felony prosecution. Sardinia v. State, Fla. 1964, 168 So.2d 674. Hence, petitioner was deprived of his constitutionally protected right to the benefit of counsel at that stage of the proceedings in the absence of a competent and intelligent waiver thereof. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963). The failure of the record to reflect any such waiver requires the conclusion that there was none. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L. Ed.2d 70 (1962).
Our inquiry then, is whether the deprivation of the non-waived constitutional right to counsel at arraignment requires a reversal of the judgment and sentence. Constitutional error which is harmless does not require automatic reversal of the conviction. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Petitioner suffered harm only if his conduct at arraignment without counsel irreparably deprived him of some right or benefit of which he might not have been deprived had he had the benefit of counsel. Petitioner claims only the waiver of trial by jury as being within such category.
The record shows that petitioner was brought to trial before the court without a jury on August 22, 1962 at which time he was represented by court-appointed counsel. At no time after counsel was appointed to represent the petitioner was any request presented to the court for leave to withdraw the waiver of jury trial and/or request that the case be tried before a jury. The withdrawal of the waiver of right to a jury trial is a matter addressed to the court’s discretion, but generally such a motion should not be denied except when it is not seasonably made in good faith, or is made to obtain a delay, or it appears that some real harm will be done to the public. Floyd v. State, Fla.1956, 90 So.2d 105. Had there been such a motion after the appointment of counsel, the denial of such motion most likely would have been an abuse of the court’s discretion, but more importantly here, the fact of having made the motion would clearly indicate that the waiver theretofore made without the advice of counsel was contrary to that which counsel would have recommended had he been present at arraignment. By the same token, the fact that petitioner proceeded to the non-jury trial after counsel was appointed without thereafter having moved to withdraw the waiver of jury trial logically can be viewed only as a counsel-advised affirmation of the prior action. When that which petitioner did at arraignment sans counsel is subsequently affirmed by him after having the advice of counsel, the arraignment without counsel is demonstrably harmless beyond a reasonable doubt.
We conclude that the judgment and sentence is free of reversible error. Petitioner having received full but delayed appellate review, the rule is discharged and the petition dismissed.
CROSS, C. J., and MAGER, J., concur.