319 So.2d 117 (1975)
Jerome Wesley WALLACE, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-403.
District Court of Appeal of Florida, Third District.
August 12, 1975.
Rehearing Denied October 15, 1975.
Phillip A. Hubbart, Public Defender, and Kurt Marmar, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant was found guilty of assault with intent to commit murder after a non-jury trial, and sentenced to 15 years in the state penitentiary.
The defendant-appellant urges as error (1) the acceptance by the trial court of his waiver of jury trial, and (2) the trial judge's refusal to allow defendant to withdraw his waiver of trial by jury on the day of the trial.
As to point one, the record reveals that at his arraignment, defendant Wallace executed the waiver upon the advice of privately retained counsel who was present at the time of the execution thereof. Established case law has determined that his waiver is valid. See Quartz v. State, Fla. App. 1972, 258 So.2d 283; Kinser v. State, Fla.App. 1974, 291 So.2d 80.
With regard to the trial judge's refusal to permit defendant to withdraw his waiver of a jury trial, the record on appeal reflects that defense counsel made his ore tenus motion therefor on the day the trial was originally scheduled to commence on the sole ground that he thought his law partner had exercised poor judgment in having the defendant waive trial by jury. Further, upon the case being continued by the trial judge, defense counsel failed thereafter to file any formal motion for withdrawal of waiver of jury trial and did not raise the issue on the actual day of the non-jury trial.
Thus, under the circumstances of the case at bar, we view the ore tenus motion to withdraw waiver of jury trial as not *118 being seasonably made in good faith and, therefore, find no abuse on the part of the trial judge in denying said motion. See Floyd v. State, Fla. 1956, 90 So.2d 105; Pearson v. State, Fla.App. 1968, 213 So.2d 616; Williams v. State, Fla.App. 1973, 280 So.2d 516.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.