# PERRY v STATE OF FLORIDA
## Case No. 89-2381-AC
Fifth Judicial Circuit, Marion County
May 3, 1990

### APPEARANCES OF COUNSEL

**John S. Lynch, Esquire,** Assistant Public Defender, for appellant.
**Maritza Arroyo, Esquire,** Assistant State Attorney, for appellee.

Before HILL, SPRINGSTEAD, McNEAL, JJ.

### OPINION OF THE COURT

M. HILL, Circuit Judge.

Appellant, PHILLIP PERRY, appeals a judgment and sentence

entered by the County Court of Marion County after a nonjury trial finding him guilty of Driving Under the Influence of Alcohol and Driving While License Suspended. Appellant complains that the trial court improperly found that appellant waived his right to a jury trial and thereby forced appellant into a nonjury trial. The State argues that the appellant's right to a jury trial was affirmatively waived soon after his arrest and therefore the trial court's decision to force the defendant to participate in a nonjury trial was not error. We find that based upon the record on appeal that it was reversible error for the court to conduct a nonjury trial based upon the following circumstances.

Appellant was arrested in the very early morning hours of May 19, 1989 for Driving Under the Influence of Alcohol and Driving While License Suspended. Later, on the same morning, appellant had his first appeared before County Judge John Futch. Appellant entered a plea of not guilty and requested a nonjury trial evidenced by a signed waiver of jury trial pursuant to Rule 3.260 F.R.C.P. Judge Futch specifically found that the waiver was freely and intelligently made. A public defender was not appointed at this time and the appellant was informed that the case was set for nonjury trial on June 19, 1989 before County Judge Hale Stancil.

On June 19, 1989 appellant appeared "pro se" before Judge Stancil for nonjury trial. On this date Judge Stancil, rather then requiring appellant to proceed to trial, appointed a public defender. The record on appeal indicates that on June 21, 1989 Judge Stancil ordered the case set for jury trial for the week commencing August 7, 1989. In the same order the appellant was ordered to appear for a plea session on July 25, 1989. On July 25, appellant evidently failed to appear at the plea session and a capias was issued for his arrest. On August 2, 1989 appellant again appeared in court before Judge Stancil. The record is not clear whether appellant orally waived his right to jury trial. Nevertheless, Judge Stancil set a nonjury trial for September 11, 1989 and defendant signed a notice in court. On September 11, 1989, appellant appeared before Judge Stancil for nonjury trial at which time appellant's attorney moved to withdraw appellant's waiver of jury trial. Judge Stancil denied appellant's motion after viewing the video tape of the appellant's original first appearance on May 19, 1989. It is important to note that the State concurred in the defendant's Motion to Withdraw his Waiver of Jury Trial.

Whether one accused of a crime who has waived a jury trial will be permitted to withdraw his waiver and have his case tried before a jury is generally a question within the discretion of the trial court. However, the court's discretion is not unbridled and should be exercised

liberally in favor of granting the right to trial by jury, *Floyd v State,* 90 So.2d 105 (Fla. 1956).

It has been said that a withdrawal of a waiver of trial by jury should be refused when not seasonably made in good faith, when the motion is made to obtain delay or if it appears that some real harm will be done to the public if withdrawal is permitted, *Floyd* supra; *Berry v State,* 203 So.2d 336 (Fla. 2d DCA 1967); *Baker v Wainwright,* 245 So.2d 289 (Fla. 4th DCA 1971).

In the case at bar the validity of the appellant's waiver of his right to trial by jury based upon the record is ambiguous at best; and there is absolutely nothing in the record on appeal to indicate that it was made to obtain delay, or that any harm would come to the public if withdrawal was granted by the trial court. This is particularly true in light of the fact that the state had no objection to defendant's request that the case be tried by jury.

In *Floyd* supra, the Court indicated it was reversible error to refuse to set aside a waiver and allow a trial by jury where there is nothing to indicate that the defendant's motion is part of a design to impede justice. Indeed, the record on appeal in this case does not indicate any evidence of any particular design to thwart justice.

Based on the foregoing and because a composite determination by a jury of laymen in a matter of this kind has been found to be the most satisfactory method yet devised by civilization for determining the truth of controversies the Judgment and Sentence is reversed and the case REMANDED for a new trial.

SPRINGSTEAD, J., concurs.

McNEAL, R., concurs with opinion.

McNEAL, R., concurring.

Although appellant signed an Order Setting Case for Nonjury Trial and presumably waived his right to jury trial on August 2, 1989, those facts are not supported by the record. Complicating the lack of a clear record is the manner of conducting this video appearance. In the instant case the defendant appeared in person at the Marion County Courthouse with the judge, the prosecutor and the clerk. His attorney was at the Marion County Jail appearing via video. For that reason the attorney had no opportunity to review the court file or the documents his client was signing.

While video technology is a useful tool to reduce the transportation and supervision of defendants who are in custody, I suggest that the prosecutor, the defense attorney and the court documents should be in

76

one location so that all parties may appear before the court on equal footing. Had that been the case I would have voted to affirm because the defense attorney would have been charged with knowledge of the documents his client signed.