368 So.2d 1310 (1979)
Harry ROTH, Stephen H. MARUCA and Joseph N. Marrow, Appellants,
v.
The STATE of Florida, Appellee.
The STATE of Florida, Appellant,
v.
Harry ROTH, Stephen H. MARUCA and Joseph N. Marrow, Appellees.
Nos. 77-2047, 77-2055 and 78-80.
District Court of Appeal of Florida, Third District.
February 27, 1979.
Rehearing Denied April 16, 1979.
*1311 Alfonso C. Sepe, Mark King Leban, Miami, for Roth.
Goodhart & Rosner, Miami, for Marrow.
Joseph Mincberg, Miami, for Maruca.
Jim Smith, Atty. Gen., Janet Reno, State's Atty., and Ira N. Loewy, Asst. State's Atty., for the State.
Before HAVERFIELD, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
These consolidated appeals all concern motions to vacate judgments and sentences. The defendants, Harry Roth, Stephen H. Maruca and Joseph N. Marrow, were tried together upon an information charging (1) conspiracy to commit the breaking and entering of a building and grand larceny, (2) the attempted breaking and entering of a building and (3) the possession of burglary tools. They were found guilty and, upon appeal, the judgments were affirmed by this court. See Maruca v. State, 329 So.2d 427 (Fla. 3d DCA 1976).
Subsequently, Roth, Maruca and Marrow filed motions to vacate the judgments and sentences and a motion for new trial on the ground of newly-discovered evidence. The trial judge denied the motions to vacate the judgments, but considered the motion for a new trial on the basis of newly-discovered evidence as a motion for relief pursuant to *1312 Florida Rule of Criminal Procedure 3.850. At the conclusion of the hearing thereon, he allowed the defendants to take polygraph examinations, stating that should they take the examinations and pass them, he would grant them a new trial.
"THE COURT: I tell you what I am going to do. I am going to reserve ruling on your petition for rehearing. I want you to talk to your clients. If they will [take polygraph examinations], and pass them, I will grant you a new trial.
"MR. GOODHART: If we are going to try cases by polygraph, there is no sense you being a judge or me a defense lawyer and Mr. Katz a prosecutor. We could clear the courtroom.
"THE COURT: That is the way I am going to do it, gentlemen.
"How much time do you want? Reset this for December 21st on decision for rehearing.
"MR. GOODHART: Fine, Judge."
Upon the appeal from the denial of the motions to vacate, two issues are raised by the defendants. The first claims that the trial court incorrectly denied the motions to vacate because the waiver of jury trial was not freely and voluntarily made. Our review of the record convinces us that this allegation is completely refuted by the record. The defendants suggest that their privately-employed attorney induced them to execute the waiver, but it clearly appears that when told by their attorney at least a week prior to trial that he could not represent them unless they executed the waiver, they then elected to waive the jury trial and confirmed their waiver upon examination by the trial court. See State v. Eby, 342 So.2d 1087 (Fla. 2d DCA 1977); and Solloa v. State, 227 So.2d 217 (Fla. 3d DCA 1969).
Defendant Roth claims that his motion to vacate should have been granted on the ground that the attorney who represented all three defendants both at trial and on appeal to this court should not have done so because his representation deprived Roth of the effective assistance of counsel because Roth had defenses which were not available to the other defendants and which were not fully developed. The record shows that these defendants chose a private attorney and persisted with his representation even when they had some disagreement with him concerning the tactics to be employed in the defense. Therefore, the claim that Roth was deprived of effective assistance of counsel was properly denied on the basis of Belsky v. State, 231 So.2d 256 (Fla. 3d DCA 1970); and Davis v. State, 209 So.2d 701 (Fla. 3d DCA 1968).
Even though we hold that the ground of conflict in the representation is not available to Roth, we have examined the record in the light of his contentions and we agree with the finding of the trial judge that there is no basis in the record for a holding that there was a plausible defense antagonistic to that of his co-defendants. See the considerations of law in State v. Youngblood, 217 So.2d 98 (Fla. 1968); and Belton v. State, 217 So.2d 97 (Fla. 1968).
Turning to the appeal of the State from the order granting the motion for new trial which the trial court considered as a motion to vacate under Florida Rule of Criminal Procedure 3.850, we hold that the action of the trial court was wholly unjustified and cannot be sustained as an exercise of judicial discretion. As above stated, the motion for relief originally was entitled "Motion for New Trial on Newly Discovered Evidence." The trial judge quickly disposed of the ground of newly-discovered evidence and his determination in this respect is sustained by the record. The affidavits of the new, prospective witness does not conflict with, nor significantly add to, the trial testimony on the essential points at issue in order to raise a reasonable doubt concerning the guilt of the defendants. See the general rule in Harvey v. State, 87 So.2d 582 (Fla. 1956); and the rule in Diamond v. State, 233 So.2d 418 (Fla. 4th DCA 1970), with regard to newly-discovered evidence not being cumulative and producing a different result in the trial. The defendants' position on the appeal from the order granting a new trial is that the trial judge granted the motion on two grounds, one of *1313 which was newly-discovered evidence, but this simply is not supported by the record.
The trial judge reached a determination that the motion should be denied but he allowed polygraph examinations of the defendants and promised a new trial if the tests were affirmative on the question of truth. Trial judges do not have the right to transfer the responsibility for the determination of the issue of a new trial to a mechanical determination of a substitute examiner and a machine. It has long been established in Florida that the results of polygraph examinations are admissible only when their admissibility is stipulated to by the parties. See State v. Cunningham, 324 So.2d 173 (Fla. 3d DCA 1975); and State v. Brown, 177 So.2d 532 (Fla. 2d DCA 1965). It should be noted that the examination was conducted without further notification to the State's Attorney or the Attorney General and without any representation of the State at the examination. We hold that by this procedure, the trial judge exceeded his authority. The result of the polygraph examination does not constitute a basis for the granting of a new trial. See State v. Jones, 281 So.2d 220 (Fla. 4th DCA 1973), where the court stated:
"The jury did not have the benefit of a polygraph examination of defendant. Therefore, the court exceeded its jurisdiction in ordering the State, absent its consent, to have a polygraph examination administered to the defendant where the obvious purpose is to use the result in determining whether the verdict was contrary to the evidence."
* * * * * *
Accordingly, on the appeals by defendants Roth, Maruca and Marrow from the denial of their motions to vacate judgment pursuant to Florida Rule of Criminal Procedure 3.850, the order denying relief is affirmed. On the appeal of the State from the order granting a new trial to these defendants, the order is reversed and the cause remanded with directions to deny the motions.
Affirmed in part, reversed in part and remanded.