383 So.2d 248 (1980)
Eric Paul DURCAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1211.
District Court of Appeal of Florida, Third District.
April 1, 1980.
Rehearing Denied May 28, 1980.
Weiner, Robbins, Tunkey & Ross and Jeffrey S. Weiner, Miami, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before BARKDULL and BASKIN, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
BARKDULL, Judge.
The appellant was charged in 1975 by information with several crimes. He came on for trial, represented by private counsel. In his presence counsel waived, in open court, the defendant's right to a jury trial and the defendant executed the appropriate written waiver. Thereafter, he was convicted by the trial court without a jury, adjudicated and sentenced. An appeal of such conviction was made to this court. See: Durcan v. State, 350 So.2d 525 (Fla.3d DCA 1977). This appeal was prosecuted by private counsel on the appellant's behalf and resulted in an order of affirmance.
Some three years later the defendant filed a motion pursuant to Rules of Criminal Procedure 3.850, seeking to vacate his conviction and sentence, alleging that he had not voluntarily waived his right to a jury trial. The trial judge denied the petition and this appeal ensued.
The appellant contends that the right to jury trial is a fundamental constitutional right that could not have been waived by failure to urge it in the direct appeal from the conviction. We disagree. The courts of this State and other courts have held that constitutional rights not urged on direct appeal may be waived and will not support a subsequent collateral attack when the alleged violation of the constitutional right was known by the defendant at the time of the direct appeal.
In the instant case, it is clear that the defendant knew that he was being tried non-jury; that he executed the jury form; that he never raised a specific objection at any time in the trial proceedings; that he should have had a jury trial. Notwithstanding the fact that when the trial originally opened there was a jury present, he heard his counsel waive his right to a jury; *249 he executed the waiver; he saw the judge discharge the jury. We hold that it now comes too late to hear that he was deprived of his constitutional right to a jury trial. Sanford v. Rubin, 237 So.2d 134 (Fla. 1970); Jones v. State, 248 So.2d 517 (Fla.3d DCA 1971); Clark v. State, 336 So.2d 468 (Fla.2d DCA 1976); Ellison v. State, 349 So.2d 731 (Fla.3d DCA 1977); Pegues v. State, 361 So.2d 433 (Fla.1st DCA 1978); Clark v. State, 363 So.2d 331 (Fla. 1978); Rubin v. State, 368 So.2d 69 (Fla.3d DCA 1979). Further, the trial court, in denying the Rule 1 motion, found that he had voluntarily waived his right to a jury trial at the time of the original trial proceedings. We find that the trial judge's order in this regard is amply supported by the evidence and, therefore, the appellant has made no error appear on the merits of the voluntariness of his waiver of jury trial. Swarthout v. State, 165 So.2d 773 (Fla.3d DCA 1964); Carroll v. State, 186 So.2d 834 (Fla.4th DCA 1966); Cash v. State, 207 So.2d 18 (Fla.3d DCA 1968).
Therefore, the order under review be and the same is hereby affirmed.
Affirmed.
BASKIN, Judge (dissenting).
I disagree with the majority decision that the defendant's failure to raise the denial of his constitutional right to a jury trial on appeal waives that issue. In my view, the right to a jury trial is not only a constitutional right but is a constitutional right of such magnitude that its deprivation creates fundamental error. It cannot be forfeited without a knowing intentional waiver.
Trial by jury is a fundamental right. As stated in Floyd v. State, 90 So.2d 105, 106 (Fla. 1956):
The right of an accused to trial by jury is one of the most fundamental rights guaranteed by our system of government. The Declaration of Rights, Constitution of the State of Florida, Section 3, F.S.A., reads "The right of trial by jury shall be secured to all, and remain inviolate forever". Section 11, Provides that an accused shall have a trial "* * * by an impartial jury * * *."
The right to a trial by jury is so basic to our system of justice that a denial of the right goes to the foundation of the case and constitutes fundamental error. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Roth v. State, 368 So.2d 1310 (Fla.3d DCA 1979); and Clark v. State, 363 So.2d 331 (Fla. 1978).
Failure to make an objection at the trial level or to raise the matter as an issue on appeal does not preclude consideration of fundamental error. Roth v. State, supra; Cheatham v. State, 364 So.2d 83 (Fla.3d DCA 1978); and Young v. State, 177 So.2d 345 (Fla.2d DCA 1965). Where the error is apparent on the record, courts will raise the issue themselves and consider the merits. Wyche v. State, 178 So.2d 875 (Fla.2d DCA 1965). The record must disclose that the aggrieved party intentionally waived any fundamental error before he loses the right to complain about the harm. Rollins v. State, 194 So.2d 247 (Fla. 1967). Since I cannot find that the defendant knowingly waived any right to complain about the error, I cannot agree that our consideration of this matter is foreclosed.
I disagree with the lower court's assessment of the evidence presented at trial and at the evidentiary hearing as competent to show the defendant knowingly and voluntarily waived his right to a jury trial. In contradiction of the oral waiver of jury by defendant's counsel and the written waiver signed by defendant at the judge's request, the transcript discloses that the defendant did not fully understand the nature of the proceedings and the rights he was relinquishing:
THE COURT: Bring in the jury.
MR. NEGRETTI: At this time, the Defendant would move, respectfully, urging to be tried by the Court. He waives trial by jury.
MR. YOSS: Judge, one thing, as I indicated earlier, we have an out-of-state witness. No objection, Your Honor, to a non-jury trial.
THE COURT: Thank you ladies and gentlemen, you are excused.

*250 MR. CHOATE: Your Honor, we have only two witnesses present.
MR. NEGRETTI: Judge, I ask for a continuance.
THE COURT: Let us proceed. Have Mr. Durcan execute the waiver.
MR. DURCAN: Sir, I am the subject involved here. My life is at stake. I see nothing being done that makes any sense so far.
THE COURT: You have waived a jury and are ready to proceed.
MR. YOSS: The State will call Dalia Merlo. Has the waiver been executed, Judge?
THE CLERK: The waiver has not been executed.
MR. CHOATE: With the Court's permission, I have two preliminary hearings left, and I will be back immediately after.
MR. YOSS: Let the record reflect the waiver has been executed.
At the evidentiary hearing, the defendant testified that he had not understood the meaning of the waiver, but had merely followed the court's order and signed the paper. The totality of the circumstances in this case cannot support the lower court's finding that the defendant knowingly and voluntarily waived his right to a jury trial. See: Tosta v. State, 352 So.2d 526 (Fla.4th DCA 1977); Molfetas v. State, 323 So.2d 598 (Fla.3d DCA 1975). See generally: Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Russell v. State, 342 So.2d 96 (Fla.3d DCA 1977); and Quartz v. State, 258 So.2d 283 (Fla.3d DCA 1972). Contra, Kinser v. State, 291 So.2d 80 (Fla.3d DCA 1974).
In my view, an improper denial of a jury trial is fundamental constitutional error of such magnitude that it may be attacked by a collateral proceeding. For the foregoing reasons, I would reverse the decision of the trial court, vacate the judgment, and remand for a new trial.