385 So.2d 114 (1980)
Joseph ROTH, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-870.
District Court of Appeal of Florida, Third District.
June 10, 1980.
Joseph Roth, in pro. per.
Jim Smith, Atty. Gen., for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
PER CURIAM.
The defendant was indicted for the offense of first degree murder by a grand *115 jury for the Eleventh Judicial Circuit on June 4, 1976 under Section 782.04, Florida Statutes (1973). At trial, the state announced it would not seek the death penalty in the event the defendant was convicted of first degree murder. On this representation, with the advice of his counsel, agreement by the state, and approval of the court, the defendant expressly waived his right to be tried by a twelve-person jury expressly stipulating that the case be tried by a six-person jury. He was convicted of murder in the first degree, adjudicated, and sentenced to a mandatory twenty-five-year life imprisonment. His judgment of conviction was affirmed here. Roth v. State, 359 So.2d 881 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1126 (Fla. 1979).
The defendant then commenced this collateral attack of the judgment in the sentencing court, pursuant to Florida Rule of Criminal Procedure 3.850, claiming he could not have intelligently and voluntarily relinquished the fundamental right to be tried by a twelve-person jury. He contends his right to be tried by a twelve-person jury as provided by Section 913.10, Florida Statutes (1973) and Florida Rule of Criminal Procedure 3.270 is confirmatory of his organic right to a trial by jury of twelve persons embodied in the Sixth Amendment of the Constitution of the United States and Article I, Sections 16 and 22 of the Florida Constitution.
We find this contention was a matter which could have been raised on direct appeal and is thereby unassailable in a collateral attack on a judgment. Harvey v. State, 383 So.2d 770 (Fla. 3d DCA 1980); Clements v. State, 320 So.2d 44 (Fla. 3d DCA 1975); Phillips v. State, 313 So.2d 428 (Fla. 3d DCA 1975). The fact that the basis of the defendant's collateral attack is alleged to be one of constitutional dimension does not preclude a waiver by the failure to assert it on direct appeal. Clark v. State, 363 So.2d 331 (Fla. 1978); Sanford v. Rubin, 237 So.2d 134 (Fla. 1970); Harvey v. State, supra.
Additionally, we find that our Supreme Court has approved a defendant's intelligent waiver of the right to trial by jury, in a death case, with consent of the state, and approval of the court under the identical authority the defendant relies upon here. State v. Garcia, 229 So.2d 236 (Fla. 1969). It follows then that where the state waived the right to seek the death penalty, the defendant could agree, with the consent of the state, and approval of the court, to be tried by a six-person jury.
Accordingly, the order denying the defendant's application for post judgment relief, pursuant to Florida Rule of Criminal Procedure 3.850, is affirmed.