PER CURIAM.
These consolidated appeals result from appellant’s non-jury conviction of petit theft. He seeks reversal of his conviction on the grounds that (1) his court appointed counsel was ineffective in that she failed to file a motion to suppress the torque wrenches which were the articles he was charged with unlawfully taking, (2) counsel failed to make a closing argument, and (3) the trial court erred in denying the defendant his right to trial by jury without first insuring that he was aware of his right to trial by jury and that the right was intelligently and voluntarily relinquished.[1]
We have carefully considered appellant’s points on appeal in the light of the record, briefs and argument of counsel and have concluded that no reversible error has been demonstrated. As to appellant’s third point, we feel that notwithstanding the absence of a showing in the record that the rule in Viggiani v. State, 390 So.2d 147 (Fla.3d DCA 1980), was strictly followed, it is clear to us that defendant’s constitutional rights were fully protected. If there were errors, they were not prejudicial. See Durcan v. State, 383 So.2d 248 (Fla. 3d DCA), pet. for rev. den., 389 So.2d 1109 (Fla.1980); Quartz v. State, 258 So.2d 283 (Fla.3d DCA 1972).
Affirmed.

. Grounds one and two arise from the denial of appellant’s post-conviction motion for relief pursuant to Rule 3.850; ground three is a direct appeal to this court.