DANIEL S. PEARSON, Judge.
In 1982, Nova moved under Florida Rule of Criminal Procedure 3.850 to vacate his first-degree murder conviction and sentence imposed thereon. The essence of his complaint was that he agreed to be tried by a jury composed of six instead of twelve persons in exchange for the State’s agreement that his maximum punishment if convicted would be twenty years and that this agreement was dishonored when, upon Nova’s conviction, the court imposed a life sentence with the requirement that he serve no less than twenty-five years before becoming eligible for parole.[1]
Appended to Nova’s Rule 3.850 motion was a copy of the transcript of the proceedings held prior to the commencement of his 1976 trial. The transcript appears to support Nova’s version of the events leading to his waiver.
“[Assistant State Attorney]: Before we proceed in picking a jury there has been a stipulation on behalf of the State and defense. The State would waive the death penalty making it punishable by 20 years, if convicted. In consideration thereof, the defense would waive a twelve man jury and we would try it by a six man jury.
“The Court: Is that stipulated to by both sides?
“[Defense Counsel]: We will stipulate.
*259 “The Court: You understand that you have a right to be tried by a twelve man jury?
“The Defendant: Yes.
“The Court: Are you willing to give that right up?
“The Defendant: Yes, sir.” (emphasis supplied).
The trial court determined that the files and records conclusively showed that Nova was entitled to no relief and denied his motion without hearing.
I
Clearly, the specific relief sought by Nova in his pro se motion, that is, the imposition of a sentence of no more than twenty years in accordance with the agreement, could not be afforded him. Where an accused is convicted of a crime for which the Legislature has prescribed a mandatory sentence, a trial court is not empowered to impose any lesser sentence. State v. Sesler, 386 So.2d 293, 294 (Fla. 2d DCA 1980); see also State v. De La Rosa, 414 So.2d 26 (Fla. 3d DCA 1982); State v. Taylor, 411 So.2d 993 (Fla. 4th DCA 1982). Of course, this is not to suggest that a court will condone the State’s repudiation of its agreement, see James v. State, 305 So.2d 829 (Fla. 1st DCA 1975), but merely to state that when the agreement is one which cannot be legally enforced, and, as here, the defendant is not irrevocably prejudiced by relying on the agreement, the defendant’s remedy for its violation cannot be to compel its performance. See Pringle v, State, 341 So.2d 535 (Fla. 2d DCA 1977); Odom v. State, 310 So.2d 770 (Fla. 2d DCA 1975); Barker v. State, 259 So.2d 200 (Fla. 2d DCA 1972).
However, Nova’s inappropriate choice of relief cannot be a basis for affirming the trial court’s denial of his motion. As Rule 3.850 itself notes, it is only when “the motion and the files and records in the case conclusively show that the prisoner is entitled to no’relief” that the motion can be denied without hearing. Young v. State, 399 So.2d 1082 (Fla. 1st DCA 1981); Jones v. State, 384 So.2d 736 (Fla. 4th DCA 1980); Barfield v. State, 348 So.2d 621 (Fla. 4th DCA 1977); Fla.R.App.P. 9.140(g). Obviously, the absence of the remedy of specific performance does not mean that the defendant is entitled to no relief. If a defendant in good faith relies on an agreement by the prosecution, courts will not let the defendant be prejudiced as a result of that reliance. Pringle v. State, 341 So.2d at 537; Odom v. State, 370 So.2d at 771; Barker v. State, 259 So.2d at 205; United States v. Aguilera, 654 F.2d 352 (5th Cir. 1981); United States v. Goodrich, 493 F.2d 390 (9th Cir.1974). In the present case, if Nova, as he asserts, waived his right to be tried by a twelve-person jury in reliance on the State’s promise of a sentence of no more than twenty years, then the waiver and conviction can be vitiated and the defendant afforded a new trial.
II
Since the motion itself did not disentitle Nova to some relief, we turn, as did the trial court, to the files and records to see if they justify the denial of relief without hearing.
As we have noted, Nova was convicted of first-degree murder in 1976 by a six-person jury. Through counsel, he appealed that conviction to this court. In that appeal, Nova’s counsel raised two points, neither of which concerned the waiver of the twelve-person jury. See Nova v. State, 346 So.2d 1214 (Fla. 3d DCA 1977), quashed, State v. Nova, 361 So.2d 411 (Fla.1978). In 1981, Nova, now without counsel, filed his first Rule 3.850 motion by filling out a prescribed form. In the 1981 motion, he stated as his ground for relief that he “was tried in violation of Florida Constitution and Rules of Criminal Procedure” in that he was “convicted of first degree murder by a jury of six persons.” In answer to the request on the form that he give his reason why such ground was not previously presented on direct appeal, he stated, “Inadequate assistance of appellate counsel.” The 1981 motion was denied upon the trial court finding that the allegations did not constitute legal grounds for relief.
*260 Nova appealed the denial of his 1981 motion, and this court, per curiam, affirmed, merely citing to Knight v. State, 394 So.2d 997, 1001 (Fla.1981), and Roth v. State, 385 So.2d 114, 115 (Fla. 3d DCA 1980). See Nova v. State, 414 So.2d 629 (Fla. 3d DCA 1982). The trial court, presented with the motion which is the subject of this appeal, read our decision on Nova’s 1981 motion to mean that we had already ruled on Nova’s present claim.
But the most that can be said of our decision in Nova v. State, 414 So.2d 629 (Fla. 3d DCA 1982), given the posture of that case, was that we held that counsel, whether at trial or on appeal, was not ineffective in failing to urge that under any circumstances a person cannot be convicted for a capital crime by a twelve-person jury. Since the law is clear that a person can be convicted of a capital crime in this state by a jury of less than twelve, provided there is a valid waiver of the right to a twelve-person jury, see State v. Garcia, 229 So.2d 236 (Fla.1969); Roth v. State, 385 So.2d at 115, Nova’s claim that counsel was ineffective for failing to assert that a jury of less than twelve persons was ipso facto unlawful was correctly denied.
However, Nova’s 1982 3.850 motion differs from his prior motion. He no longer contends that a twelve-person jury is never waivable, but now says that his waiver of a twelve-person jury in reliance on a promise of a twenty-year maximum sentence was nullified when he received the legislatively required greater sentence. His fall-back contention is that either trial counsel or appellate counsel, or both, were ineffective in failing to properly raise the invalidity of his waiver. His claim of ineffective assistance of counsel is not independent of his primary claim, but simply Nova’s explanation why relief on the primary claim was not sought in the prior trial and appellate proceedings.[2] Since we decide, infra, that Nova’s primary contention raises a fundamental error which, having never been ruled upon, may be considered under a 3.850 motion even though not raised in a direct appeal, Nova’s fall-back contentions concerning the ineffectiveness of his counsel need not be reached.[3]
*261 III
As we have stated, a fundamental error may be raised for the first time in a Rule 3.850 motion notwithstanding that it could have been, but was not, raised on direct appeal.[4] O’Neal v. State, 308 So.2d 569 (Fla. 2d DCA 1975), overruled on other grounds, Roberts v. State, 320 So.2d 832 (Fla. 2d DCA 1975); see also Dozier v. State, 361 So.2d 727 (Fla. 4th DCA 1978) (holding that a fundamental error may be collaterally attacked, but incorrectly holding that a comment on defendant’s right to remain silent is a fundamental error, Clark v. State, 363 So.2d 331 (Fla.1978)); Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977) (where a fundamental error has been raised and rejected on direct appeal, it may still, with leave of the appellate court, be considered in a subsequent 3.850 motion).
Nova’s claim that his waiver of a twelve-person jury was invalid alleges a fundamental error. A defendant in a capital case in Florida is entitled to a twelve-person jury as a matter of state constitutional law.[5] Article I, Section 22 of the Florida Constitution secures the right of trial by jury and provides that “the number of jurors, not fewer than six, shall be fixed by law.” The number of jurors fixed by law to try all capital cases is twelve. Fla.R.Crim.P. 3.270.
In Cotton v. State, 85 Fla. 197, 95 So. 668 (1923), the defendant was tried and convicted of first-degree murder. Before trial the defendant timely filed a plea in abatement, challenging the indictment as having been returned by a grand jury which contained a person incompetent to serve. His request that this challenge be determined by a jury of twelve was denied, and his challenge to the make-up of the grand jury was submitted to a six-person jury. The Florida Supreme Court reversed Cotton’s conviction, holding that a trial on the defendant’s plea in abatement required a jury of twelve.
“The trial on the plea in abatement was not a trial of ‘other criminal cases’ as differentiated from ‘capital cases.’ Sec. 6008, Rev.Gen.Stat. It was not the trial of a criminal case less than a capital case, nor was it the trial of a civil cause. The statute authorizing a trial by a jury of six men is therefore not applicable. It follows inescapably that the defendant was entitled to a trial on the issue made by his plea in abatement by a jury of twelve, and that a trial by a jury of six amounted to a denial to him of a jury trial such as he is entitled to under the law.
[[Image here]]
“[A] trial of the issue made by the plea in abatement by a jury of a less number than the law prescribes deprived the defendant of a right he was entitled to claim, and did claim, under the express provisions of the law of the land. Denial *262 to him of this right by the court results in a lack of due process of law that is commanded by the Constitution.” Cotton v. State, 85 Fla. at 202, 95 So. at 670.
Thus, Cotton holds that so long as a twelve-person jury is fixed by law to try a person accused of a capital crime, the right to a jury of that number is constitutional and an invasion of that right a denial of due process.
Concededly, not all invasions of constitutional rights are fundamental errors. See, e.g., Clark v. State, 363 So.2d 331. Error which is said to be fundamental is, among others, one which “reaches down to the legality of the trial itself,” Hamilton v. State, 88 So.2d 606, 607 (Fla.1956); Gibson v. State, 194 So.2d 19 (Fla. 2d DCA 1967); involves a violation of a defendant’s rights which “will always be harmful, and it is very difficult for a court to determine when it is not,” Demps v. State, 416 So.2d 808, 810 (Fla.1982), quoting United States v. Hammond, 598 F.2d 1008, 1013 (5th Cir. 1979); in short, one that goes to the essence of a fair and impartial trial, State v. Jones, 377 So.2d 1163 (Fla.1979); Frankowitz v. Beck, 257 So.2d 918 (Fla. 3d DCA 1972). Because “[t]he right of an accused to a trial by jury is one of the most fundamental rights guaranteed by our system of government,” Floyd v. State, 90 So.2d 105, 106 (Fla.1956), and is the cornerstone of a fair and impartial trial, Florida Power Corporation v. Smith, 202 So.2d 872 (Fla. 2d DCA 1967), an infringement of that right constitutes fundamental error. Such an infringement, and thus fundamental error, occurs not only when an accused is made to proceed to trial with no jury at all, but, as well, when he is made to proceed to trial with less jurors than he is entitled to by law. United States ex rel. Burnett v. People of the State of Illinois, 619 F.2d 668 (7th Cir. 1980); United States v. Taylor, 498 F.2d 390 (6th Cir.1974).
Of course, it is well established that the right to a jury trial or a jury of twelve persons in a capital case may be waived, see Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1965); State v. Garcia, 229 So.2d 236; Zellers v. State, 138 Fla. 158, 189 So. 236 (Fla.1939); Groomes v. State, 401 So.2d 1139 (Fla. 3d DCA 1981); Roth v. State, 385 So.2d 114. But in order for the waiver of this, as any other, constitutional right to be valid under the due process clause, the waiver must be “an intentional relinquishment or abandonment of a known right,” Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357 (1938); Boykin v. Alabama, 395 U.S. 238, 243 n. 5, 89 S.Ct. 1709, 1712 n. 5, 23 L.Ed.2d 274, 280 n. 5 (1969) (“if a defendant’s guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.”).
“The right to trial by jury is a constitutional right, Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 144[4], 20 L.Ed.2d 491 (1968); Molfetas v. State, 323 So.2d 598 (Fla. 3d DCA 1975). As in the case of the waiver of any constitutional right, the waiver of trial by jury must be shown to have been knowingly and intelligently made.” Enrique v. State, 408 So.2d 635, 637 (Fla. 3d DCA 1982).
Where the right to jury trial is waived in connection with a guilty plea, it is essential that the waiver be voluntarily and intelligently made. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Similarly, where the waiver of jury trial is, as in the case at hand, a waiver of the right to the full number of jurors required by the law, the voluntary and intelligent nature of the waiver is equally essential.[6]-[7] United *263 States v. Taylor, 498 F.2d 390 (defense counsel’s stipulation that trial could proceed with eleven jurors ineffective where no showing that defendant himself knowingly and intelligently waived right to jury of twelve); see People v. Illinois, 619 F.2d 668. In either instance, whether the right to jury trial is surrendered altogether or the right to a jury trial by the constitutionally fixed number of persons is surrendered, if the waiver is the result of a bargain later broken or a misapprehension concerning the sentence to be imposed, the waiver is involuntary and the attendant conviction must be set aside. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Griffith v. Wyrick, 527 F.2d 109 (8th Cir.1975); Davy v. State, 356 So.2d 18 (Fla. 4th DCA 1978); Britt v. State, 352 So.2d 148 (Fla. 2d DCA 1977).
IV
Finally, we consider whether Nova’s motion could have been properly denied by the trial court because Nova knew or should have known as of March 1976 of the ground now asserted. As we have already stated, n. 3 supra, so long as a Rule 3.850 motion passes the singular test of raising a new ground and is otherwise appropriate under that rule, the fact that such ground was known to the defendant and could have been but was not made the subject of a prior 3.850 motion is no basis for denying relief. Whitney v. State, 184 So.2d 207 (Fla. 3d DCA 1966), and cases collected therein; Lawson v. State, 231 So.2d 205; Richardson v. State, 202 So.2d 137; Weeks v. State, 201 So.2d 764; Hall v. State, 183 So.2d 277. No matter how many prior applications for collateral relief a prisoner has made, the prisoner is entitled to consideration of his application if it presents a different ground for relief. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068,10 L.Ed.2d 148. This principle is qualified only to the extent that the State may show that the later application abuses the remedy, id., or that the prisoner’s delay in bringing the later application demonstrates a lack of due diligence resulting in prejudice to the State, see Blatch v. State, 389 So.2d 669 (Fla. 3d DCA 1980). No such claims were made by the State in the present case.
V
Accordingly, we reverse the trial court’s order denying Nova’s 3.850 motion without hearing and remand the cause with directions that a hearing be held thereon. At such hearing the State may attempt to show, as it now contends, that the 1976 transcript does not accurately reflect the stipulation between the parties, or that even if the transcript is accurate, Nova knowingly and intelligently waived a twelve-person jury, that is, despite the statement in the transcript, was fully aware that if convicted he would be sentenced to life imprisonment with the requirement that he serve no less than twenty-five years before becoming eligible for parole. The State may also, if appropriate, raise the defenses of abuse of remedy, see Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, and laches prior to such hearing.
Reversed and remanded.

. See § 775.082, Fla.Stat. (1975).

. Presumably, Nova’s indecision about which of his counsel could be charged with ineffectiveness lies in his uncertainty over whether his asserted invalid waiver of a twelve-person jury is fundamental error. If the error is not fundamental, then it could not have been raised on direct appeal by his appellate counsel unless preserved by his trial counsel; if fundamental, the appellate counsel could have raised the error, despite any shortcomings of trial counsel.

. Were we to address Nova’s present ineffective assistance of counsel claim, we would conclude, contrary to the trial court’s conclusion, that the claim was not foreclosed by Nova’s 1981 3.850 motion, which also alleged ineffective assistance of counsel. While it is true that both motions allege ineffectiveness of counsel, the nature of the ineffectiveness differs. Thus, under the decided cases, it is clear that the motion under review presents a different ground for relief than that previously ruled upon. Compare Ferranto v. United States, 507 F.2d 408 (2d Cir.1974) (ground that presentence investigation report was inaccurate as to the defendant’s prior record different from ground that same report included counselless conviction); Hilbrich v. United States, 406 F.2d 850 (7th Cir.1969) (ground that defendant’s confession inadmissible for failure to take him before magistrate different from ground that confession inadmissible because coerced), with Fortin v. State, 203 So.2d 207 (Fla. 3d DCA 1967) (ground that guilty plea entered on understanding defendant would receive five-year sentence same as ground in prior motion that guilty plea entered because of promise of leniency). See generally Sanders v. United States, 371 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Lawson v. State, 231 So.2d 205 (Fla. 1970); Flores v. Wainwright, 240 So.2d 816 (Fla. 2d DCA 1970); Richardson v. State, 202 So.2d 137 (Fla. 3d DCA 1967); Weeks v. State, 201 So.2d 764 (Fla. 3d DCA 1967); Hall v. State, 183 So.2d 277 (Fla. 3d DCA 1966); Piehl v. State, 173 So.2d 723 (Fla. 1st DCA 1965), quashed on other grounds, 184 So.2d 417 (Fla.1966). Therefore, Nova’s present motion cannot be denied, as it was by the trial court, on the basis that it was a second and successive motion asserting the same ground. Of course, to the extent that the motion claimed ineffectiveness of appellate counsel, the trial court would have been correct in denying the motion on the ground that such a claim must be addressed by the appellate court through a petition for writ of habeas corpus.

. We recognize that this court in Durcan v. State, 383 So.2d 248 (Fla. 3d DCA 1980), rejected the defendant’s contention “that the right to jury trial is a fundamental constitutional right that could not have been waived by failure to urge it in the direct appeal from the conviction.” Since the court went on to affirm the trial court’s denial of the defendant’s 3.850 motion on the ground that the evidence in the collateral attack proceeding showed that the defendant had voluntarily waived his right to jury trial, its statement that 3.850 relief was unavailable because of a failure to raise this issue on direct appeal could be considered dicta. But even were this statement considered to be more than dicta, the view of the Durcan majority that a “fundamental” right is waived by failing to raise it on direct appeal is totally unsupported by any case and finds no support in the cases relied on in Durcan. The cases cited by the majority, none of which involved fundamental error, simply stand for the proposition that a violation of a constitutional right which is not of such magnitude as to be fundamental error is waived by a failure to raise it on direct appeal and will not support a subsequent collateral attack. But the distinction between mere constitutional error and fundamental error is well recognized, see, e.g., Clark v. State, 363 So.2d 331 (Fla.1978); Sanford v. Rubin, 237 So.2d 134 (Fla.1970), and the waiver rule applies only to the former. It is therefore fitting that we have today receded from Durcan. See Dumas v. State, 439 So.2d 246 (Fla. 3d DCA 1983) (en banc).

. A jury composed of twelve persons is not a necessary ingredient of trial by jury as a matter of Federal constitutional law. Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).

. In the case of a waiver of jury trial as part of a guilty plea, the validity of the waiver must affirmatively appear of record. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. In the case of a waiver of jury trial in favor of a bench trial by a defendant with counsel, the knowing and voluntary nature of the waiver need not affirmatively appear of record. Dumas v. State, 439 So.2d 246 (Fla. 3d DCA 1983) (en banc). See also United States v. Reyes-Meza de Polanco, 422 F.2d 1304 (9th Cir.), cert. denied, 397 U.S. 1081, 90 S.Ct. 1536, 25 L.Ed.2d 817 (1970). In the latter case, it is presumed that the defendant acted knowingly and voluntarily. Dumas v. State, 439 So.2d 246. The presumption, however, *263 merely precludes a defendant from asserting that his waiver of jury trial was invalid because its validity did not appear of record. It does not preclude him from collaterally attacking his conviction on the ground that his waiver was not, in fact, knowing and voluntary. Dumas v. State, 439 So.2d 246. No such presumption arises where the defendant is without counsel before and at the time of the waiver. See Enrique v. State, 408 So.2d 635 (Fla. 3d DCA 1981).

. In Mt. Sinai Hospital of Greater Miami v. Steiner, 426 So.2d 1154 (Fla. 3d DCA 1983), the parties stipulated that they would proceed with five jurors in the event that one of the jurors became disabled. This constituted a valid waiver of the legal entitlement to a trial by six jurors in the absence of some assertion that the waiver was vitiated by the trial court excusing a juror for a reason not contemplated by the stipulation.