SCHWARTZ, Chief Judge.
Rejecting Boynton’s primary contention, we hold that the agreement of counsel that the defendant appear in a live lineup, of which he was presumptively aware, Dumas v. State, 439 So.2d 246, 249-52 (Fla. 3d DCA 1983), review denied, 462 So.2d 1105 (Fla.1985), and by which he was bound, see State v. Jones, 561 So.2d 532 (Fla.1990), rendered his subsequent refusal to participate, contrary to the agreement, admissible against him as reflecting a consciousness of guilt under the doctrine stated in Herring v. State, 501 So.2d 19 (Fla. 3d DCA 1987).[1]
The appellant’s other point was not preserved below and does not present fundamental error. See Kelley v. State, 486 So.2d 578 (Fla.1986), cert. denied, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986).
Affirmed.

. It is thus unnecessary to determine whether, on its own facts, Herring should be given continuing viability. But see South Dakota v. Ne-ville, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983); Occhicone v. State, 570 So.2d 902 (Fla. 1990) (Grimes, J., concurring).