512 So.2d 284 (1987)
Michael CARTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2056.
District Court of Appeal of Florida, Third District.
September 8, 1987.
*285 Bennett H. Brummer, Public Defender, and Robert Kalter, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Michael J. Niemand, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.
HENDRY, Judge.
Defendant appeals from a final judgment of conviction and sentence. The pertinent facts are as follows.
Defendant was a seventeen-year-old who was arrested and charged with burglary of a structure. He pled not guilty and requested a trial by jury. At the ensuing trial, the state and defendant's counsel, an assistant public defender, entered into a stipulation to complete the selection of prospective jurors outside of the trial judge's presence. The trial judge consented to this procedure and the voir dire of prospective jurors was completed in the judge's absence. Defendant did not execute a written waiver of his right to the judge's presence, nor does the record show that the trial court conducted an inquiry of defendant as to whether he was willing to waive that right. The jury ultimately found defendant guilty as charged.
On appeal, defendant takes the position that counsels' stipulation alone is insufficient to uphold the waiver of the judge's presence. We agree, and reverse upon a holding that the waiver of defendant's right to have the trial judge present during the voir dire is not valid because the record fails to establish that defendant knowingly and intelligently waived that right.
It is well settled that it is the duty of the presiding judge to be present at all stages of a criminal proceeding. Peri v. State, 426 So.2d 1021 (Fla. 3d DCA), review denied, 436 So.2d 100 (1983). In Peri, we held that it was error for the trial judge to have compelled the defendant, over his objection, to continue the voir dire of prospective jurors in the judge's absence. Noting that courts condemn the act of a trial judge absenting himself during any stage of trial proceedings, Peri, 426 So.2d at 1024, and that the voir dire of prospective jurors is as critical as any other stage of a criminal trial, we concluded that a judge's presence is required if not waived by the accused.[1]
The judge's presence during trial is a fundamental right guaranteed by the sixth amendment to the United States Constitution as well as article 1, section 16 of the Florida Constitution. Peri, 426 So.2d at 1023. It is axiomatic that the waiver of a fundamental right must be knowingly *286 and intelligently made. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The state does not dispute this; however, it argues that because of counsels' stipulation to waive the judge's presence, a record showing that the waiver was knowingly and intelligently made is not required in this case. For support of its argument, the state relies upon Dumas v. State, 439 So.2d 246 (Fla. 3d DCA 1983) (en banc), review denied, 462 So.2d 1105 (1985), where we held that a defendant's signature on a written waiver of a trial by jury was sufficient to support a finding of an effective waiver of that constitutional right. In Dumas, while encouraging courts to make inquiries of defendants on the record concerning the voluntariness of waivers, we merely refused to hold that the absence of a record inquiry (as to waiver of a jury trial), without more, automatically requires reversal of a conviction. Id. at 252. We reasoned that where a record shows a waiver (signed by the defendant), although there is no further evidence that it was executed in open court, there is a presumption that the waiver was knowingly and intelligently made. Id. at 249. The state now urges us to apply the same presumption to the instant case. This we decline to do, especially in light of the fact that the instant waiver is one which was merely stipulated to by counsel.
Courts must continue to apply strict standards in determining whether there has been an effective waiver of a fundamental right. In all cases, the waiver must be "express and certain, not implied or equivocal." Tucker v. State, 417 So.2d 1006, 1013 (Fla. 3d DCA 1982).
Adhering to the principles enunciated above, we conclude that the record before us fails, in any manner, to clearly establish that defendant knowingly and intelligently waived his right to the trial judge's presence during voir dire. Cf. Groomes v. State, 401 So.2d 1139 (Fla. 3d DCA 1981) (stipulation in writing that state would not seek death penalty if defendant agreed to be tried by six jurors waiving right to twelve jurors, effective where stipulation executed by defendant, his mother, his attorney, state attorney and approved by court); Sessums v. State, 404 So.2d 1074 (Fla. 3d DCA 1981) (waiver of jury trial effective where written and signed by defendant, and his counsel again announced waiver in defendant's presence in open court).
Reversed and remanded for a new trial.
NOTES
[1] As we further noted in Peri, the accused's waiver must be consented to by the State. Peri, 426 So.2d at 1026 n. 4.