PER CURIAM.
Eugene Jackson appeals from his conviction and sentence for attempted manslaughter. Jackson contends, and we agree, that he is entitled to a new trial based upon the trial court’s error in charging the jury on the crime of attempted manslaughter where the evidence failed to establish Jackson’s intent to commit the offense. “[A] verdict for attempted manslaughter can be rendered only if there is proof that the defendant had the requisite intent to commit an unlawful act.... [T]here can be no intent to commit an unlawful act where the underlying conduct constitutes culpable negligence.” Taylor v. State, 444 So.2d 931, 934 (Fla.1983). See Tillman v. State, 471 So.2d 32 (Fla.1985); Ashley v. State, 445 So.2d 360 (Fla. 3d DCA 1984); Rodriguez v. State, 443 So.2d 286 (Fla. 3d DCA 1983).
In view of the fact that a new trial is mandated, we need not address the propriety of Jackson’s guidelines departure sentence or the merits of the remaining errors alleged by Jackson.
Reversed and remanded for a new trial.