HENDRY, Judge.
Victor Bauza appeals from his conviction and sentence entered against him pursuant to a jury verdict finding him guilty on three counts: attempted second degree murder, shooting or throwing a deadly missile into an occupied building, and unlawful possession of a firearm while engaged in a criminal offense.
Bauza’s original conviction and sentencing on the above counts was reversed and remanded for new trial by this court when it held the trial court had erred, inter alia, in determining the voluntariness of defendant’s confession without regard to the circumstances surrounding it, and in exclud *1100 ing photographic evidence without first conducting an inquiry. Bauza v. State, 491 So.2d 323 (Fla. 3d DCA 1986). Retrial on the same charges resulted in a second conviction and sentencing from which Bau-za now appeals. Bauza claims the trial court erred in admitting his post-arrest statements, and erred in its instructions to the jury on attempted manslaughter by an act of culpable negligence.
Responding to a 911 report of burglary in progress, Hialeah police officers approached the apartment door of the caller (Bauza), knocked several times and announced, “Hialeah Police Department.” There was no answer. As two of the officers walked away, shots were heard. Turning, they saw Officer Gomez leaning against the wall, bleeding. Shots from the Bauza apartment riddled the hallway as the wounded officer was led away. A later count of bullet holes in the door, walls and ceiling proved that the appellant had fired more than three rounds from his five-shot Smith and Wesson .38 special. Bauza admitted to having had a few beers and a little cocaine that evening before firing shots at voices in the hallway.
Arriving on the scene, a SWAT team fired tear gas into the apartment, forcing Bauza out onto the balcony, the .38 special still in his hand. Taken into custody and transported to police headquarters, testimony evidenced Bauza’s interrogation by a detective in the presence of another officer. A taped confession made by the accused was transcribed, read and verified line by line. He was then taken to Jackson Memorial Hospital for blood tests and treatment of injuries. While test results showed traces of cocaine in his blood, a psychologist who reviewed the facts and circumstances relating to the instant case concluded that neither cocaine nor alcohol had altered the appellant’s thought process.
Upon remand, and in conformance with the defendant’s entitlement to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined (Jackson v. Denno, 378 U.S. 368, 396, 84 S.Ct. 1774, 1791, 12 L.Ed.2d 908 (1967)), the presiding Judge listened to the entire contents of the taped confession at a pre-trial hearing. After carefully scrutinizing the totality of the circumstances, the court determined that Bauza made the confession freely and voluntarily. See Peterson v. State, 382 So.2d 701, 702 (Fla.1980) (where admissibility is an issue because of a factual dispute as to voluntariness, trial judge must first find confession or statement “was, by the preponderance of the evidence, voluntary and made in accordance with Miranda.”)', Greene v. State, 351 So.2d 941, 942 (Fla.1977) (“Due process ... entitles the [defendant] to an independent determination of admissibility, held before admission of a confession and jury deliberation thereon.”).
“The requirement that the court make a pretrial voluntariness determination does not undercut the defendant’s traditional prerogative to challenge the confession’s reliability during the course of the trial.” Crane v. Kentucky, 476 U.S. 683, 688, 106 S.Ct. 2142, 2145, 90 L.Ed.2d 636, 643 (1986).
A transcription of the confession was read to the jury. Substantial and competent evidence of the manner in which the confession was secured, along with testimony corroborating its contents, convinced the jury that Bauza’s confession was worthy of belief. See Lego v. Twomey, 404 U.S. 477, 485-86, 92 S.Ct. 619, 624-25, 30 L.Ed.2d 618, 625 (1972); Palmes v. Wainwright, 725 F.2d 1511, 1518 (11th Cir.), cert. denied, 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984).
Appellant also seeks reversal of his conviction for attempted second degree murder, citing the trial court’s alleged reversible error committed when it instructed the jury on the lesser included offense of attempted manslaughter based on culpable negligence. We agree the instructions were flawed, but the flaw was harmless error as there was ample and sufficient evidence to support a conclusion that the shooting of the police officer was an act done with the requisite criminal intent and not mere culpable negligence. Where the record discloses ample and sufficient evidence to support a conclusion that the *1101 shooting was done with requisite criminal intent (e.g., as an act of aggravated assault) and not mere culpable negligence, a flawed instruction on attempted manslaughter, which included culpable negligence, is harmless error. Murray v. State, 491 So.2d 1120, 1122 (Fla.1986); Tillman v. State, 471 So.2d 32, 33 (Fla.1985); Brown v. State, 455 So.2d 382 (Fla.1984); Gentry v. State, 437 So.2d 1097, 1098-99 (Fla. 1983); Taylor v. State, 444 So.2d 931 (Fla.1983); Jackson v. State, 512 So.2d 284 (Fla. 3d DCA 1987).
Accordingly, after a careful consideration of the judgment appealed, and in light of the record on appeal, the briefs and arguments of counsel, we conclude that no reversible error has been demonstrated.
Affirmed.