PER CURIAM.
We reverse the judgment of conviction under review because, as in Carter v. State, 512 So.2d 284, 286 (Fla. 3d DCA 1987), “the record before us fails, in any manner, to clearly establish that the defendant knowingly and intelligently waived his right to the trial judge’s presence during voir dire.” As Carter makes perfectly clear, a stipulation by the defendant’s attorney to waive the judge’s presence does not constitute a sufficient waiver of the defendant’s right to have the judge present, and as Peri v. State, 426 So.2d 1021 (Fla. 3d DCA 1983), makes perfectly clear, no showing of prejudice arising from the judge’s absence need be made by the defendant.
Reversed and remanded for a new trial.
ON REHEARING
The State’s motion for rehearing suggests that Roberts v. State, 510 So.2d 885 (Fla.1987) — cited for the first time in the State’s motion for rehearing — holds that it is unnecessary for a defendant to personally waive the trial judge’s presence during trial proceedings and that defense counsel’s waiver will suffice. If, indeed, Roberts so holds,[1] then, unless there is some legally significant difference between the judge’s absence during the jury’s view of the crime scene (as in Roberts) and the judge’s absence during the voir dire of the prospective jurors (as in Carter v. State, 512 So.2d 284 (Fla. 3d DCA 1987), and the present case), then Carter, upon which we relied in deciding this case, was wrongfully decided,[2] and a new trial for Singletary is not warranted.
Although it can be argued, as the State now does, that, broadly read, Roberts stands for the proposition that defense counsel can validly waive his client’s right to have the judge present during any stage of the trial, we believe that Roberts must be read more narrowly. Thus read, Roberts holds that the right to have the trial judge present during trial may be waived by defense counsel on behalf of the defendant where (a) the judge’s presence is only statutorily mandated (as in the case of a view of the crime scene by the jury) and is not essential to the fostering of the defendant’s constitutional right to trial by jury, and (b) the record reflects that the defendant impliedly waived his presence by participating in the waiver discussions with his counsel before the waiver occurred, cf. McCollum v. State, 74 So.2d 74 (Fla.1954) (defendant’s failure to timely object to court’s absence from jury view not an implied waiver of statutory requirement that judge be present).
We thus adhere to our initial decision, but, recognizing that the issue presented is hardly free from doubt and presents a question of great importance to the administration of justice, we certify to the Florida Supreme Court the following question:
MAY THE DEFENDANT’S RIGHT TO HAVE THE TRIAL JUDGE PRESENT DURING THE VOIR DIRE OF PROSPECTIVE JURORS BE VALIDLY WAIVED BY HIS ATTORNEY, OR *757 MUST THE DEFENDANT PERSONALLY WAIVE SUCH RIGHT?

. In Roberts, it appears that the defendant participated in the waiver discussions with his counsel before the waiver. There is no indication, however, that the defendant agreed with the waiver other than his apparent silence when the waiver occurred.

. The Florida Supreme Court decided Roberts on July 2, 1987; this court decided Carter on September 8, 1987.