541 So.2d 1332 (1989)
Vernon KEMP, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 88-2589.
District Court of Appeal of Florida, Third District.
April 18, 1989.
*1333 Bennett H. Brummer, Public Defender and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., BARKDULL, J., and JOHN W. DELL, Associate Judge.
SCHWARTZ, Chief Judge.
Kemp moved for relief from his criminal conviction under Florida Rule of Criminal Procedure 3.850 on the asserted ground that the trial judge had not been present during jury selection. See Singletary v. State, 543 So.2d 755 (Fla.3d 1988); Carter v. State, 512 So.2d 284 (Fla. 3d DCA 1987); Peri v. State, 426 So.2d 1021 (Fla. 3d DCA 1983), pet. for review denied, 436 So.2d 100 (Fla. 1983). The trial court denied the motion without an evidentiary hearing because, on advice of counsel, the defendant had executed a written waiver of that right.[1] It is established that one may validly consent to the absence of the trial judge during voir dire. See Brown v. State, 538 So.2d 833 (Fla. 1989); Roberts v. State, 510 So.2d 885 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1988); Carter v. State, 512 So.2d at 284. Moreover, the existence of a simple waiver  and a fortiori one with the complete explanation contained in the present consent  is sufficient to establish, at least prima facie, the validity of that consent. See Dumas v. State, 439 So.2d 246 (Fla. 3d DCA 1983), review denied, 462 So.2d 1105 (Fla. 1985). The order under review was therefore correctly entered.
While the defendant now attempts to argue that the waiver was not voluntarily and intelligently executed  which would be a heavy burden indeed to establish in the light of the contents of the form  Kemp, who did not even acknowledge the existence of a written waiver, made no such claim in the 3.850 motion before us. Since it cannot be assumed that he would do so, as required, under oath, e.g., Williams v. State, 539 So.2d 9 (Fla. 1st *1334 DCA 1989); Deese v. State, 530 So.2d 384 (Fla. 1st DCA 1988); Cherry v. State, 526 So.2d 1071 (Fla. 1st DCA 1988), and since the issue was in any case not before the trial court in any way, we decline to consider it now. See Francois v. Wainwright, 741 F.2d 1275 (11th Cir.1984); Tillman v. State, 471 So.2d 32 (Fla. 1985).
Affirmed.
NOTES
[1] The consent provided:

WAIVER
I have been advised of my right to have the jury to try my case selected before myself, my lawyers, and with the Judge present.
I have been given the opportunity to have the jury panel selected out of the presence of the Judge. I specifically waive any legal right I may have for the presence of the Judge during jury selection and agree to have the jury selected by the lawyers out of the presence of the Judge.
I have discussed this procedure fully with my lawyer and agree as stated above.
 /s/ Vernon Kemp, Jr.
CERTIFICATE OF ATTORNEY
I hereby certify that I am attorney of record for Vernon Kemp, that I have explained to him/her the right to have the Judge present during jury selection, and that he has freely and understandingly executed the foregoing waiver.
 Oct. 21, 1986 (ATTORNEY) /s/ Owen Chin